**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margarette & Michael Shields, ) | |
| ) | No. CV-09-84-TUC-DTF |
| Plaintiffs, ) | |
| ) | **DEFAULT JUDGMENT** |
| vs. ) | |
| ) | |
| Receivable Management Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Pending before the Court is Plaintiffs' Application for Entry of Default Judgment.[1] Plaintiffs seek judgment against Defendant for statutory damages in the amount of $1000, plus attorney fees of $3,207.50 and costs in the amount of $390. (Dkt. 11.)

     Plaintiffs submitted an application for entry of default and supporting declaration on July 20, 2009. (Dkt. 9.) The Clerk of Court entered default against Defendant on July 27, 2009. (Dkt. 10.) After entry of a default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(b). The request for relief can neither differ from nor exceed that prayed for in the complaint. *See* Fed. R. Civ. P. 54(c).

     Once default has been entered, the Court must take as true all factual allegations in the complaint, except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*,

---

[1] Plaintiffs consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Dkt. 6.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment. *See United States v. Real Property*, 135 F.3d 1312, 1314 (9th Cir. 1998).

559 F.2d 557, 560 (9th Cir. 1977)). Plaintiffs' complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The allegations taken as true establish that Defendant constantly and continuously placed an average of four calls per day to Plaintiffs demanding payment of an alleged debt, and Defendant used intimidating and abusive language. Defendant contacted Plaintiffs' family members multiple times, despite requests to stop, informing them that they were attempting to collect a debt. This conduct as pled violated multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(5), 1692d(6), 1692e(11) and 1692f. As a result of Defendant's conduct, Plaintiffs suffered emotional distress, in the form of sleeplessness; fear of answering the phone and door; nervousness; embarrassment in talking to family and friends; depression; feeling hopeless, pessimistic, guilty, worthless and helpless; changes in appetite; restlessness or irritability; headaches, nausea, chronic pain or fatigue; and negative impacts on work and relationships. In the complaint, Plaintiffs prayed for a declaratory judgment, statutory damages, actual damages, and attorney's fees and costs. (Dkt. 1 at 4-5.)

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 James Wm. Moore et al., Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

There is a significant possibility of prejudice to Plaintiffs if default is not entered because Plaintiffs would be deprived of the only available avenue of redress for Defendant's statutory violation. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002). As summarized above, Plaintiffs' complaint is sufficient on its face and

the claim as pled is meritorious. That does not foreclose the possibility that the material facts could be disputed if Defendant had appeared, however, it forfeited the right to challenge those facts by failing to respond. With respect to factor four, Plaintiffs are seeking only statutory damages, in the maximum amount of $1000, foregoing their claim for actual damages. The sum sought is small and statutorily limited, which favors granting default judgment. With respect to factor six, nothing before the Court indicates Defendant's default was due to excusable neglect. The record reflects Defendant's representative was personally served with the original complaint, and Defendant was sent a copy of the request for entry of default and application for default judgment. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp.2d 995, 1005 (N.D. Cal. 2001) (no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Defendant has made no appearance nor is there an indication of any contact with Plaintiffs' counsel. Despite the strong policy favoring a decision on the merits, Defendant's failure to appear renders that impossible, which is why Rule 55 exists. Considering all the relevant factors, a default judgment is warranted.

The Court may hold a hearing to assess damages, however, it is not required if plaintiff claims a liquidated sum or damages can be assessed based on affidavits. *See Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981). Because Plaintiffs seek only statutory damages and they attached evidentiary submissions to the complaint and the application for default damages, a hearing is unnecessary. When a debt collector violates the FDCPA with respect to a person, that person can collect actual damages, additional damages as allowed by the Court up to $1000, and costs and reasonable attorney's fees. The maximum statutory damages of $1000 are warranted in this case because Defendant committed multiple and repeated violations of the FDCPA and caused Plaintiffs to suffer emotional harm. Having reviewed counsels' timekeeping records, billing rates and attorney declarations (Dkts. 11-1, 11-2), and considering the success achieved by counsel, the Court finds the requested fees

($3,207.50) and costs ($390) are reasonable and allowable pursuant to 15 U.S.C. § 1692k(a)(3).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Application for Entry of Default Judgment (Dkt. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded damages in the amount of $1000, attorney's fees in the amount of $3,207.50 and costs in the amount of $390.

DATED this 13th day of August, 2009.

D. Thomas Ferraro
United States Magistrate Judge